CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 29, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN A. HUFFMAN,** | )<br>) |
| Plaintiff, | ) Case No. 7:24CV00565<br>) |
| v. | ) **OPINION**<br>) |
| **OFFICER R. HALL, ET AL.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Jullian A. Huffman, Pro Se Plaintiff.*

The plaintiff, Jullian A. Huffman, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that jail officials have made verbal comments reflecting their failure to respect his preference to identify as a female. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Specifically, Huffman alleges as follows:

> Officer R. Hall and Master Officer Wheele have been discriminating against me for being gay by calling me a "Queer" and a "fagot" and singling me out. I have witnesses who can write sworn affidavits . . . . The officer's [sic] even denied to let me see the nurse on August 20th of 2024 without asking me what's going on with me to see if it was a serious medical need. Officer R. Hall also keeps calling me "Mr" Huffman, when he knows that I identify as a woman.

Compl. 4, ECF No. 1. Huffman also names Major Brian Parks as a defendant, but does not allege any action that Parks took to violate his rights. As relief, Huffman seeks monetary damages and a court order demanding that the defendants "correct their actions." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019).

In brief, Huffman alleges that Hall and Wheele have called him a "queer" and a "fagot," have "singled" him out in unspecified ways, or have referred to him as "Mr Huffman." *Id.* While unprofessional and insensitive, allegations of such verbal abuse and harassment by guards, without more, do not state any constitutional claim. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) ((citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections [against cruel and unusual punishment] do not necessarily extend to mere verbal sexual harassment." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (unpublished).

Huffman also alleges that the defendants failed to refer him for medical care without asking about his medical needs. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" violates constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, a prisoner plaintiff must show that, objectively, he was suffering from a serious medical need and, subjectively, the prison staff was aware of the need for medical attention and failed to respond reasonably to that need. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Huffman fails to identify any serious medical need for which he required medical attention or to provide facts showing

that any defendant knew of that need and failed to respond reasonably to it. Finally, Huffman fails to state any action by Brian Parks in violation of his constitutional rights, related to verbal harassment or medical needs.

In conclusion, I will summarily dismiss this case under § 1997e(c)(1) for failure to state claim upon which relief could be granted. Consequently, I also find that Huffman is not entitled to a preliminary injunction as he has requested. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that party seeking interlocutory injunctive relief must state facts showing that he likely success on merits, among other things). Huffman has made no factual showing that he is likely entitled to success on the merits of his claims against these defendants for verbal comments or medical omissions they have allegedly made.

A separate Final Order will be entered herewith.

DATED: November 29, 2024

/s/ JAMES P. JONES
Senior United States District Judge